IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Regina Jordan, *et al.*, | : | Case No. 1:18-cv-53 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| v. | : | Order Granting in Part Defendants' Motion for Summary Judgment and Staying Case Pursuant to *Younger* Abstention |
| Union Township Board of Trustees, | : | |
| Defendants. | : | |

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 38) only insofar as Defendants have asked the Court to dismiss the case on the basis of *Younger* abstention.[1] For the reasons that follow, the Court concludes that abstention is appropriate. The Court will **GRANT IN PART** the Motion for Summary Judgment to the extent the Court will stay this case.

I.  BACKGROUND

Plaintiff Regina Jordan owns and resides at the property located at 456 Old State Route 74 in Union Township, Clermont County, Ohio. (Doc. 1 at PageID 3.)[2] The property is approximately 0.5 acres, is located in a largely commercial area, and is located between State Route 32 and Old State Route 74. (*Id.* at PageID 6.) Jordan was involved in a car accident in or

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] Plaintiffs purported to file a Verified Complaint, but only Plaintiff Jordan signed a sworn Verification that the facts therein are true. The allegations in a verified complaint generally have the same force and effect as an affidavit for the purpose of responding to a motion for summary judgment. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Torba v. J.M. Smucker Co.*, 888 F. Supp. 851, 853 (N.D. Ohio 1995). However, here, Jordan testified in her deposition that she did not remember reading the Verified Complaint and she testified differently as to certain facts. (*Compare* Doc. 1 at PageID 6 *with* Doc. 30 PageID 566, 632–633; Doc. 30 at PageID 705.) There are no disputed facts here relevant to the resolution of the abstention issue.

Moreover, to the extent that Plaintiff Housing Opportunities Made Equal, Inc. did not sign a verification, the Verified Complaint allegations purportedly based on its information and belief will not be accepted as affidavit-like evidence.

about 2015. (*Id.* at PageID 3–4.) She alleges that she suffered debilitating injuries and is disabled as a result. (*Id.* at PageID 4.)

At some point after the accident, Jordan acquired a mixed-breed horse named Belle. (*Id.*) Jordan keeps Belle on her property, along with a potbelly pig, two dogs, and a cat. (Jordan Dep., Doc. 30 at PageID 517, 550–551.) In or about June 2016, Jordan obtained a registration for Belle as a "service animal" and an "emotional support animal" from a commercial entity entitled Register My Service Animal, LLC. (Doc. 30-2 at PageID 763, 778.) Jordan wrongly identified Belle as a miniature horse on the registration. (*Id.* at PageID 763.) Jordan did not consult with a physician before having Belle registered as a service animal. (Jordan Dep. II, Doc. 31 at PageID 1077, 1080.) The certificate provided to Jordan for Belle states on its face that the registration is "not a certification process" and that registration is based upon "assertions made by the animal owner." (Doc. 30-2 at PageID 750.)

On April 19, 2017, the Union Township Planning and Zoning Department ("UT Zoning Department") sent a letter to Jordan accusing her of violating the Union Township Zoning Resolution ("UT Zoning Resolution") and state zoning law by keeping a hog and a horse on her property. (Doc. 38-2 at PageID 2993.) Union Township gave her a May 3, 2017 deadline to respond. (*Id.*) Jordan responded in a letter dated May 2, 2017. She stated that Belle was a "registered service animal for me and as such is protected under the American Disabilities Act [*sic*] (ADA) for companionship and assistance." (*Id.* at PageID 2994–2996.) She attached the service animal registration certificate she obtained from Register My Service Animal, LLC that wrongfully identified Belle as a miniature horse. (*Id.*) Jordan contends that this May 2, 2017 letter constituted a request for reasonable accommodation.

On May 8, 2017, Defendant Cory Wright, the director of the UT Zoning Department, sent a second letter to Jordan stating that she was violating the UT Zoning Resolution. (*Id.* at PageID 3009–3011.) Wright stated in part that "[i]t is illegal for the horse & pig to be kept on this property and the conditions of your rear yard are deplorable and must be cleaned up and all debris must be removed." (*Id.*) Wright did not acknowledge or address Jordan's May 2, 2017 purported request for reasonable accommodation in this letter. He gave Jordan a June 8, 2017 deadline to correct the violations or face legal action. (*Id.*) Thereafter, as set forth below in the next subsection, Defendant Union Township Board of Trustees ("Union Township") filed a suit for injunctive relief against Jordan in state court on June 19, 2017.

On or about July 27, 2017, Jordan obtained a letter from her primary physician, Dr. Roger Chang with HealthSource of Ohio, stating that "Ms. Jordan has a horse that she needs for ambulation and companionship" and that it was "medically necessary for her to have this service animal." (Doc. 38-3 at PageID 3045.)

Finally, on September 14, 2017, Jordan and Plaintiff Housing Opportunities Made Equal ("HOME"), through their attorney, sent a second written request for a reasonable accommodation to Defendant Kenneth Geis, the administrator for Union Township, this time under the Fair Housing Amendments Act ("FHAA"). (Doc. 37-1 at PageID 2902–2905.) The attorney repeatedly, and incorrectly, referred to Belle as a miniature horse again in the letter. (*Id.*) The attorney attached in support a copy of Jordan's May 2, 2017 letter, the service animal registration certificate from Register My Service Animal, LLC, and the July 27, 2017 letter from

Dr. Chang stating that Jordan had a medical need for her horse as a service animal. (*Id.* at 2906–2916.)[3]

B. **Procedural Posture**

1. **State Action**

On June 19, 2017, Union Township filed a Complaint for Preliminary and Permanent Injunction against Jordan in the Clermont County, Ohio Court of Common Pleas, *Union Township Board of Trustees v. Jordan*, 2017 CVH 00748 (Clermont Cty., Ohio C.P.) ("State Action"). (Doc. 38-2 at PageID 2976–3030.) Union Township alleged that Jordan had violated nine provisions of the UT Zoning Resolution. (*Id.* at PageID 2979.) It sought an injunction enjoining her from violating the UT Zoning Resolution and directing remediation of the property. (*Id.*) It also prayed for damages in the amount of $500 per day, per violation, from April 19, 2017 through the future date of compliance. (*Id.* at PageID 2980.)

On September 20, 2018, Jordan filed her Answer and Counterclaim in the State Action, (Doc. 38–3 at PageID 3031–3045), approximately one week after sending Union Township the September 14, 2017 second written request for reasonable accommodation. Once again, Jordan, through her attorney, mistakenly referred to Belle as a miniature horse. (*Id. passim.*) She alleged that she had submitted the second request for reasonable accommodation to Union Township on September 14, 2017, and she attached Dr. Chang's July 27, 2017 letter stating that she required Belle as a service animal for ambulation and companionship. (*Id.* at PageID 3038, 3045.) Jordan asserted counterclaims for discrimination under Ohio law and the FHAA. (*Id.* at PageID 3038–3039.) She sought declaratory and injunctive relief barring Union Township from

---

[3] The Court notes that the copy of the September 14, 2017 letter that Plaintiffs attached as an exhibit to their Verified Complaint did not include the July 27, 2017 Dr. Chang letter. Instead, they attached a June 19, 2017 letter stating that Jordan's handicap placard would expire on June 9, 2020. (Doc. 1-1 at PageID 24.)

4

enforcing the UT Zoning Resolution against Belle or the potbelly pig. (*Id.* at PageID 3041–3042.)

Finally, on October 20, 2017, Jordan filed an Agreed Amended Answer and Counterclaim clarifying that Belle is not a miniature horse. *Union Twp. Bd of Trustees v. Jordan*, No. 2017 CVH 00748 (Clermont Cty., Ohio C.P. Oct. 20, 2017). She again alleged that she had submitted a second request for reasonable accommodation to Union Township on September 14, 2017, and she asserted counterclaims for discrimination under Ohio law and the FHAA. *Id.*, Agreed Amended Answer and Counterclaim, at 8–9 & Ex. G.

### 2. Federal Action

On January 25, 2018, Jordan and HOME filed the Verified Complaint for Declaratory Relief against the Union Township Board of Trustees, Kenneth Geis, and Cory Wright in this Federal Action. In it, they complain that Union Township failed to respond to Jordan's September 14, 2017 second request for reasonable accommodation. (Doc. 1 at PageID 7, 16–19.) They assert claims for violations of the FHAA and Ohio Revised Code § 4112.02(H)(1), and they seek equitable relief and compensatory and punitive damages. (*Id.* at PageID 10–12.) On February 12, 2018, Defendants filed an Answer in which they raised abstention as an affirmative defense. (Doc. 9 at PageID 89.)

Following discovery, both parties moved for summary judgment. (Docs. 37, 38.) The Court struck Plaintiffs' Motion for Summary Judgment for failing to comply with the requirements of the Court's Standing Order on Civil Procedures. (Doc. 39 at PageID 3046.) The Court also suspended briefing on the Motions for Summary Judgment except for the threshold issue of *Younger* abstention. (*Id.* at PageID 3046–3047.) The parties now have fully briefed the *Younger* abstention issue.

## II. STANDARDS ON MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to show that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).

## III. ANALYSIS

Defendants assert that the *Younger* abstention doctrine applies and that the Court should dismiss this action because of the pending State Action. The Sixth Circuit has explained *Younger* abstention as follows:

> *Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. We look to three factors to determine whether a court should abstain from hearing a case under the *Younger* doctrine: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges."

*O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (internal citations omitted). Upon initial examination, this case appears to fit within the strictures of a "typical *Younger* case" in which Jordan, a federal plaintiff, is the defendant in ongoing state court proceedings, and she is using the same factual basis to support her claim in the federal court proceedings and her defense in the state court proceedings. *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984). The Court will proceed to examine each factor of the *Younger* abstention test.

First, the State Action is on-going. Pursuant to the records available on the Clermont County Clerk of Court's website, www.clermontclerk.org, the case is set for trial on March 23–

24, 2020. *Union Township Bd. of Trustees v. Jordan*, 2017-CVH-00748, Expedited Civil Pretrial Order (Clermont Cty., Ohio C.P., July 30, 2019).

Second, the on-going State Action concerns matters which implicate important state interests. Union Township seeks to enforce its Zoning Resolution against Jordan, and she contends that its Zoning Resolution is inapplicable or that she should be granted an exemption from it as a reasonable accommodation for her purported disability. The Sixth Circuit has called a challenge to a zoning ordinance a "textbook candidate for abstention" and stated that the enforcement and application of zoning ordinances "implicate important state and local interests." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324 (6th Cir. 2001); *see also Fontain v. Lane*, No. 1:19-cv-304, 2019 WL 2051941, at *3 (S.D. Ohio May 9, 2019) (stating that "regulating zoning and land use" is an important state interest), *report and recommendation adopted*, 2019 WL 2341565 (S.D. Ohio June 3, 2019).

Third, Jordan has had an adequate opportunity in the State Action to raise her federal law concerns. Jordan alleges in a counterclaim in the State Action that Union Township has discriminated against her in housing in violation of the FHAA. She specifically alleges that Union Township failed to accommodate her disability by allowing Belle to remain on her property as a service animal. There is no meaningful distinction between Jordan's federal housing discrimination allegations in the Agreed Amended Answer and Counterclaim in the State Action and her federal housing discrimination allegations in this Federal Action.

Nonetheless, Jordan argues in her brief opposing abstention that she cannot assert the September 14, 2017 second request for reasonable accommodation as a defense in the State Action to the purported zoning violations because that request was made approximately two months after Union Township initiated the State Action on April 19, 2017. Jordan may be

7

correct that the September 14, 2017 second written request for a reasonable accommodation could not provide a retroactive defense for the purported zoning violations that occurred between April 19, 2017 and September 14, 2017. However, the second request for reasonable accommodation was asserted as a defense to the purported zoning violations that were on-going after September 14, 2017. Jordan's argument ignores the fact that she specifically pleaded allegations about the second request for reasonable accommodation in the initial Answer and Counterclaim and in the Agreed Amended Answer and Counterclaim in the State Action. The state court should have the first opportunity to address whether Jordan is entitled to relief from application of the UT Zoning Resolution as a reasonable accommodation for her purported disability. The Court concludes that the requirements for *Younger* abstention are satisfied.

All that remains is to determine whether Plaintiffs' claims in this Federal Action should be dismissed or stayed during the pendency of the State Action. The Sixth Circuit has instructed that a district court should examine the type of relief sought by the plaintiff to determine whether to dismiss or stay a case pursuant to *Younger* abstention:

> [T]he United States Supreme Court has held that "[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary.*" *Quackenbush,* 517 U.S. at 731, 116 S.Ct. 1712 (emphasis added). *See also Carroll,* 139 F.3d at 1079 (Moore, J., concurring in part) ("While *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention."). Whether the plaintiffs seek a legal versus an equitable remedy controls how the district court disposes of the case after holding that the *Younger* doctrine applies to it. If the plaintiffs seek equitable relief, such as an injunction, then the district court may exercise its discretion and decide whether to dismiss the case, and we would then review its decision for abuse of discretion. *Coles,* 448 F.3d at 865. But where, as here, the plaintiffs seek purely legal relief, in the form of damages, *Quackenbush* prevents the district court from even exercising its discretion and deciding to dismiss the case.

*Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013). Plaintiffs seek both equitable relief, in the form of a declaratory judgment and an injunction, and legal relief, in the

form of damages, in this Federal Action.  The Court will stay the case pending resolution of the State Action.  *See Huth v. Hubble*, No. 5:14-cv-1215, 2016 WL 966307, at *10 (N.D. Ohio Mar. 4, 2015) (staying case when the plaintiff sought both equitable and legal relief).

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART**.  This Federal Action is hereby **STAYED** during the pendency of *Union Township Board of Trustees v. Jordan*, 2017 CVH 00748 (Clermont Cty., Ohio C.P.).  The parties are directed to jointly file a status report at the conclusion of the State Action apprising the Court whether any issues remain for adjudication here or whether dismissal is appropriate.  The parties should attach a copy of the final judgment and any dispositive orders from the State Action as exhibits to the joint status report.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2019.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge